**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| YEMELI TCHOFFO PATRICIA as Special Administrator of the Estate of NOHO GILBERT, deceased, | ) ) ) ) |
| FONGUH JULIUS CHO as Special Administrator of the Estate of MARY TIFUH, deceased; | ) ) ) ) |
| TATANG MOÌSE and TCHOUPO FRANCITHÈRE NICOLE as Co-Special Administrators of the Estate of SAMUEL MANFOUO, deceased; | ) ) ) ) ) |
| NKENG ESSOMBO GILBERT and FONUM AGATHA AMBO as Co- Special Administrators of the Estate of JOSEPH PATRICE ENAM ESSOMBO, deceased; | ) ) ) ) ) |
| EWANE MOUSSONGO SEVERIN LAURINS as Special Administrator of the Estate of MENGWETUH NGANDO LIMA, deceased; | ) ) ) ) ) |
| GUEMFOUO YIMEME ANGELE and TCHINDA DOLINE FLOR as Co-Special Administrators of the Estate of KAZE DAVID, deceased; | ) ) ) ) ) |
| SOH GIRESSE FERNANDEZ as Special Administrator of the Estate of TEDJOU KENGNE GUY FORTUNE, deceased; | ) ) ) ) ) |
| ETIEN PETENIE SERGE NARCISSE JOSEF as Special Administrator of the Estate of ETIEN KADJO FRANÇOIS BERENGUER THIBAULT, deceased; | ) ) ) ) ) |
| GNAMIEN KOUYO DANIELLE as Special Administrator of the Estate of GNAMIEN AKA JEAN YVES, deceased; | ) ) ) ) ) |
| OBROU EPSE SERI SYLVIE as Special | ) |

Administrator of the Estate of SERI )
SAHIRY CYRIAQUE, deceased; )
)
KUNGANG GABRIEL NCHINDA )
as Special Administrator of the Estate of )
KUNGANG MELCHIADIS AZEMZI )
a/k/a ELVIS NGULEFAC NGOASON, )
Deceased; )
)
SYLLA N'GODJIGUI as Special )
Administrator of the Estate of SYLLA )
MARIAM, deceased; )
)
LOUIS-ROGER OUANDJI as Special )
Administrator of the Estate of PIERRE- )
CHRISTIAN OUANDJI OUNADJI, )
deceased; )
)
BENJAMIN IBIANE ABAM as Special )
Administrator of the Estate of UBI IBAM )
IBIANG, deceased; )
)
MOREN KECHIYERE NWARIHI as )
Special Administrator of the Estate of )
AMAECHI AUGUSTINE NZEH, )
deceased; )
)
JOY OGOCHUKWU UDEH as Special )
Administrator of the Estate of EBERE )
UGOEZE EMMANUEL, deceased; )
)
ONUORAH BENARD as Special )
Administrator of the Estate of ONUORAH )
CHURWUDI JUDE, deceased; )
)
REGINA UGONOWA UDEH as Special )
Administrator of the Estate of JOEL )
OGOCHUKWU UDEH, deceased; )
)
BIAN SHAO QING as Special )
Administrator of the Estate of BIAN )
JING ZHONG, deceased; )
)
BIAN SHAO QING as Special )
Administrator of the Estate of SHI WEI )
SHA, deceased; )

| | |
|---|---|
| LIU WANGYING as Special Administrator of the Estate of LIU SHENG deceased; | ) ) ) ) |
| XU HONGYING as Special Administrator of the Estate of WU CHAN GEN, deceased; | ) ) ) ) |
| FAN HONGYAN as Special Administrator of the Estate of JIANG XUEDONG, deceased; | ) ) ) ) |
| VIBIN JOSEPH as Special Administrator of the Estate of KOCHERRY GEORGE JOSEPH, deceased; | ) ) ) ) |
| VIBIN JOSEPH as Special Administrator of the Estate of MARIA JOSEPH, deceased; | ) ) ) |
| SALIHOU HAROUNA, Special Administrator of the Estate of HALIDOU HAROUNA, deceased | ) ) ) ) |
| MOUSSA IDRISSA as Special Administrator of the Estate of OUSMANE IDRISSA, deceased; | ) ) ) ) |
| MAHAMANE ABDOULAYE SAMAILA As Special Administrator of the Estate of ABDOULAYE SAMAILA, deceased, | ) ) ) ) |
| MAHAMADOU ADDO, As Special Administrator of the Estate of NAYOUSSA ANGO, deceased | ) ) ) ) |

Plaintiffs,

v.

THE BOEING COMPANY, a corporation
and GE CORP., a corporation, GE AVIATION, a
corporation, SMITH AEROSPACE, a corporation,
THALES GROUP, a corporation, ROCKWELL
COLLINS CO., a corporation, PARKER HANNIFIN
CO., a corporation, TRIUMPH GROUP, INC., a

CA No.  1:09-cv-03728

**JURY TRIAL DEMANDED**

3

corporation, TRIUMPH ACTUATION SYSTEMS- )
VALENCIA, INC., a corporation, )
                                          )
_____Defendants._____ )

## ANSWER OF DEFENDANTS GENERAL ELECTRIC COMPANY
## AND GE AVIATION SYSTEMS LLC

General Electric Company, erroneously named herein as "GE Corp.," and GE Aviation

Systems LLC, erroneously named herein as "GE Aviation, a corporation" (collectively the "GE

Defendants"), by their attorneys, and for their Answer and Additional Defenses to Plaintiffs'

Complaint ("Complaint"), state as follows:

### INTRODUCTION

1.      This is an action for damages arising from the crash of a Boeing 737-800 aircraft
(Registration Number 5Y-KYA) on May 5, 2007 in the vicinity of Douala, Cameroon.  The
aircraft was being flown as Kenya Airways Flight KQ 507 from Douala International Airport in
Doula, Cameroon to Jomo Kenyatta International Airport in Nairobi, Kenya and crashed shortly
after takeoff, killing all 114 individuals onboard the aircraft.

**Answer:**  On information and belief, the GE Defendants admit that on May 5, 2007 a

Boeing 737-800 aircraft was being operated by Kenya Airways as Flight 507 from Abidjan,

Ivory Coast to Nairobi, Kenya, with an intermediate stop at Douala, Cameroon.  The GE

Defendants further admit, on information and belief, that on May 5, 2007 Kenya Airways Flight

507 crashed following takeoff from Douala, Cameroon, and that all passengers and crew onboard

the aircraft were reported to have died in the accident.  The GE Defendants deny any remaining

or inconsistent allegations of paragraph 1.

2.      Plaintiffs are the surviving family members of passengers who perished in the
crash.  Plaintiffs have been appointed special administrators of their respective decedents estates
by order of this Court.  Plaintiffs seek to hold defendants liable for their negligent design and
manufacture of the subject aircraft and its components and in the alternative, to hold defendant
The Boeing Company liable for the negligent destruction of evidence resulting in an inability to
prove their negligence claims.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of the first two sentences of paragraph 2, and therefore deny same. To the extent that the remaining allegations of paragraph 2 are directed to the GE Defendants, they are denied. To the extent that any remaining allegations of paragraph 2 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

## PARTIES

3.      Plaintiff YEMELI TCHOFFO PATRICIA, who was born on December 12, 1985, is a resident and citizen of Cameroon, and was appointed to administer the estate of her husband NOHO GILBERT, pursuant to Letters of Administration on July 10, 2007 in the Republic of Cameroon and to an order of the Circuit Court of Cook County, Illinois. NOHO GILBERT was born on April 20, 1973 and died in the crash of KG 507. He was a citizen and resident of Cameroon at the time of his death. Plaintiff YEMELI TCHOFFO PATRICIA brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of NOHO GILBERT, (b) herself, as spouse of the decedent, (c) DZEUNE NOHO IVANS PRISWEL, who was born on January 14, 2004, son of the decedent, (d) DJOU NOHO GODWILL, who was born on March 2, 2005, son of the decedent, (e) TSAPI NOHO ORNELLA, who was born on August 2, 2001, daughter of the decedent, (f) TCHOFFO NOHO DANIELLA SHELCIA born on June 11, 1999, daughter of the decedent and (g) any other individual entitled to recover under applicable law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 3, and therefore deny same.

4.      Plaintiff FONGUH JULIUS CHO, who was born on April 1, 1967, is a resident and citizen of Cameroon and was appointed special administrator of the estate of MARY TIFUH pursuant to an order of the Circuit Court of Cook County, Illinois. MARY TIFUH died in the crash of KQ 507. She was a citizen and a resident of Cameroon at the time of her death. Plaintiff FONGUH JULIUS CHO brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of MARY TIFUH, (b) FONGUH PEACE MABO, who was born in 1994, daughter of the decedent, (c) FONGUH PRAISE M., who was born in 2002, daughter of the decedent and (d) any other individual entitled to recover under applicable law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 4, and therefore deny same.

5.    Plaintiffs TATANG MOÌSE and TCHOUPOU FRANCITHÈRE NICOLE are citizens and residents of Cameroon and were appointed to administer the estate of SAMUEL MANFOUO, pursuant to Letters of Administration on July 23, 2008 in the Republic of Cameroon and to an order of the Circuit Court of Cook County, Illinois.  SAMUEL MANFOUO was born on January 9, 1966 and died in the crash of KG 507.  He was a citizen and resident of Cameroon at the time of his death.  Plaintiffs TATANG MOÌSE and TCHOUPOU FRANCITHÈRE NICOLE bring this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of MANFOUO SAMUEL, (b) TCHOUPU FRANCITHERE NICOLE, who was born on December 11,1975, spouse of the decedent (c) MANFOUO AMELIE, who was born on April 4, 22, 1994, daughter of the decedent, (d) MDOUNTSOP MANFOUO CYNTHIA, who was born on January 20, 1996, daughter of the decedent, (e) TIDO MANFOUO GLORIE JOELLE, who was born on April 28, 1998, daughter of the decedent, (f) TCHINDA MANFOUO VANELLE, who was born on July 29, 2000, daughter of the decedent, (g) DJIATIO MANFOUO IGOR CASILLAS, who was born on June 20, 2002, daughter of the decedent, (h) TEDONGZONG MANFOUO WILLY BAYAN, who was born on February 11, 2005, daughter of the decedemt and (i) any other individual entitled to recover under applicable law.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 5, and therefore deny same.

6.    Plaintiffs NKENG ESSOMBO GILBERT and FONUM AGATHA AMBO are citizens and residents of Cameroon and were appointed to administer the estate of JOSEPH PATRICE ENAM ESSOMBO, pursuant to Letters of Administration on April 8, 2009 in the Republic of Cameroon and to an order of the Circuit Court of Cook County, Illinois.  JOSEPH PATRICE ENAM ESSOMBO was born on March 16, 1976 and died in the crash of KG 507.  He was a citizen and resident of Cameroon at the time of his death.  Plaintiffs GILBERT NKENG ESSOMBO and FONUM AGATHA AMBO bring this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of JOSEPH PATRICE ENAM ESSOMBO, (b) FONUM AGATHA AMBO, spouse of the decedent, who was born on November 26, 1982, (c) ESSENGUE EBOUELE MARCEL RYAN, who was born on May 16, 1976, son of the decedent, (d) NTOUBA EHAM LAMPARD DIMITR,I who was born on April 20, 2007, son of the decedent, (e) ENAM DINGA JUNIOR, who was born June 22, 2005, son of the decedent and (f) any other individual entitled to recover under applicable law.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 6, and therefore deny same.

7.    Plaintiff EWANE MOUSSONGO SEVERIN LAURINS, who was born on November 11, 1976, is a resident and citizen of Cameroon and was appointed special administrator of the estate of his sister MENGWETUH NGANDO LIMA pursuant to an order of the Circuit Court of Cook County, Illinois.  MENGWETUH NGANDO LIMA who was born in January 24, 1970 and died in the crash of KG 507.  She was a citizen and resident of Cameroon at the time of her death.  Plaintiff EWANE MOUSSONGO SEVERIN LAURINS brings this

action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following: (a) the Estate of MENGWETUH NGANDO LIMA, (b) NGANDO EMMANUEL, who was born on January 24, 1970, spouse of the decedent, (c) ATANGA GILBERT AWAH, who was born on July 10, 1985, son of the decedent, (d) NTOLOKE NADEGE, who was born on May 25, 1989, daughter of decedent, (e) NTOLUKE LYNDETTE, who was born on June 28, 1990, son of decedent, and (f) any other individual entitled to recover under applicable law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 7, and therefore deny same.

8.     Plaintiffs GUEMFOUO YIMEME ANGELE and TCHINDA DOLINE FLOR are residents and citizens of Cameroon and were appointed special administrator of the estate of their husband KAZE DAVID pursuant to an order of the Circuit Court of Cook County, Illinois. KAZE DAVID died in the crash of KQ 507.  He was a citizen and a resident of Cameroon at the time of his death.  Plaintiffs GUEMFOUO YIMEME ANGELE and TCHINDA DOLINE FLOR bring this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of KAZE DAVID (b) GUEMFOUO YIMEME ANGELE, spouse of the decedent (c) TCHINDA DOLINE FLOR, spouse of the decedent and (d) any other individual entitled to recover under applicable law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 8, and therefore deny same.

9.     Plaintiff SOH GIRESSE FERNANDEZ who was born on July 23, 1985 is a resident and citizen of Cameroon and was appointed to administer the estate of his brother TEDJOU KENGNE GUY FORTUNE, pursuant to Letters of Administration on February 25, 2009 in the Republic of Cameroon and to an order of the Circuit Court of Cook County, Illinois. TEDJOU KENGNE GUY FORTUNE was born on November 15, 2000 and died in the crash of KQ 507.  He was a resident and citizen of Cameroon at the time of his death.  Plaintiff SOH GIRESSE FERNANDEZ brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of TEDJOU KENGNE GUY FORTUNE, (b) NKOUBOU MARLYSE ELEONORE, who was born on February 23, 1980, spouse of the decedent, (c) KAMLA TEDJOU SMITH WISDOM, who was born on December 29, 2005, son of the decedent, (d) MGANKAM TEDJOU PRECIOUS FRANKY, who was born on December 27 2004, son of the decedent, (e) MAGNE TEDJOU FABIOLA ELISE, who was born on July 20, 2002, daughter of the decedent, (f) TEDJOU TEDJOU GUY FORTUNE, son of the decedent and (g) any other individual entitled to recover under applicable law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 9, and therefore deny same.

10.     Plaintiff ETIEN PETENIE SERGE NARCISSE JOSEF is a resident and citizen of Ivory Coast and was appointed special administrator of the estate of his brother ETIEN KADJO FRANÇOIS BERENGUER THIBAULT pursuant to an order of the Circuit Court of Cook County, Illinois.  ETIEN KADJO FRANÇOIS BERENGUER THIBAULT was born on March 20, 1964 died in the crash of KQ 507.  He was a citizen and a resident of Ivory Coast at the time of his death.  Plaintiff ETIEN PETENIE SERGE NARCISSE JOSEF brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of ETIEN PETENIE SERGE NARCISSE JOSEF, (b) ETIEN KOURAMANI AXEL DOMINIQUE MARIE, daughter of the decedent and (c) any other individual entitled to recover under applicable law.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 10, and therefore deny same.

11.     Plaintiff GNAMIEN KOUYO DANIELLE who was born on August 31,1967 is a resident and citizen of Ivory Coast and was appointed special administrator of the estate of her husband GNAMIEN AKA JEAN YVES pursuant to an order of the Circuit Court of Cook County, Illinois.  GNAMIEN AKA JEAN YVES was born on June 20, 1965 and died in the crash of KQ 507.  He was a citizen and a resident of Ivory Coast at the time of his death.  Plaintiff GNAMIEN KOUYO DANIELLE brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of GNAMIEN KOUYO DANIELLE, (b) herself, as spouse of the decedent (c) GNAMIEN JEAN CEDRIC, who was born on September 21, 1996, son of the decedent, (d)GNAMIEN SEPHORA, who was born April 24, 1997, daughter of the decedent, (e) GNAMIEN RUTH SCHEHINOELLE, who was born on November 11, 2000, daughter of the decedent (f) GNAMIEN DAVID EMMANUEL, who was born on April 4, 2003, son of the decedent and (g) any other individual entitled to recover under applicable law.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 11, and therefore deny same.

12.     Plaintiff OBROU EPSE SERI SYLVIE who was born on April 22, 1967 is a resident and citizen of Ivory Coast and was appointed special administrator of the estate of her husband SERI SAHIRY CYRIAQUE pursuant to an order of the Circuit Court of Cook County, Illinois.  SERI SAHIRY CYRIAQUE was born on March 16, 1962 and died in the crash of KQ 507.  He was a citizen and a resident of Ivory at the time of his death.  Plaintiff OBROU EPSE SERI SYLVIE brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of SERI SAHIRY CYRIAQUE, (b) herself, as spouse of the decedent, (c) ANGE SERI KANON ROSINE, who was born on March 1, 1983, daughter of the decedent, (d) SERI KANON YANN, who was born in 1992, son of the decedent, (e) SERI BEZITO JOHNSON, who was born in 1994, son of the decedent, (f) SERI ZOLA WILLIAN, who was born in 1998, son of the decedent, (g) SERI ALAIN GERARD, who was born in 1998, son of the decedent, (h) SERI KANON DRELI, who was born on September 2, 1005, daughter of the decedent and (i) any other individual entitled to recover by law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 12, and therefore deny same.

13.     Plaintiff KUNGANG GABRIEL NCHINDA who was born on December 30, 1952 is a resident and citizen of Cameroon and was appointed special administrator of the estate of his son KUNGANG MELCHIADIS AZEMZI pursuant to an order of the Circuit Court of Cook County, Illinois.  KUNGANG MELCHIADIS AZEMZI was born on December 12, 1976. Upon information and belief, KUNGANG MELCHIADIS AZEMZI was travelling under the name ELVIS NGULEFAC NGOASON on KQ and died in the crash of KQ 507.  He was a citizen and a resident of Cameroon at the time of his death.  Plaintiff KUNGANG GABRIEL NCHINDA brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of KUNGANG MELCHIADIS AZEMZI, (b) himself, as father of the decedent, (c) NKAFU MARTINA, mother of the decedent, and (d) any other individual entitled to recover by law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 13, and therefore deny same.

14.     Plaintiff SYLLA N'GODJIGUI who was born on in 1935 is a resident and citizen of Ivory Coast and was appointed special administrator of the estate of his daughter SYLLA MARIAM pursuant to an order of the Circuit Court of Cook County, Illinois.  SYLLA MARIAM died in the crash of KQ 507.  She was a citizen and a resident of Ivory Coast at the time of her death.  Plaintiff SYLLA N'GODJIGUI brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of SYLLA N'GODJIGUI, (b) BOUBAKAR SYLLA, a son of the decedent, (c) CHEICK FADIGA, a son of the decedent, (d) MARIAM SYLLA, a daughter of decedent, and (e) any other individual entitled to recover under applicable law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 14, and therefore deny same.

15.     Plaintiff LOUIS-ROGER OUANDJI who was born on September 22, 1950 is a resident and citizen of Kenya and was appointed special administrator of the estate of his son PIERRE-CHRISTIAN OUANDJI OUNADJI pursuant to an order of the Circuit Court of Cook County, Illinois.  PIERRE-CHRISTIAN OUANDJI OUNADJI was born on February 15, 1980 and died in the crash of KQ 507.  He was a citizen and a resident of Kenya at the time of his death.  Plaintiff LOUIS-ROGER OUANDJI brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of PIERRE-CHRISTIAN OUANDJI OUNADJI, (b) MPOUDJEKE PAULINE, mother of the decedent, (c) PASCAL OLIVER, who was born on April 24, 1982, brother of the decedent, (d) ERICK CRISTIAN LUCIEN, who was born on January 1, 1983, brother of the decedent, (e) NONE MICHELLE, who was born on July 11, 1985, sister of the decedent, (f) JOHN MICHELLE, who was born January 12, 1989, sister of the decedent, (g)

LYDIA LAURE, who was born on January 26, 1997, sister of the decedent and (h) and any other individual entitled to recover under applicable law.

    **Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 15, and therefore deny same.

    16.    Plaintiff Pastor BENJAMIN IBIANE ABAM who was born on June 13, 1960 is a resident and citizen of Nigeria and was appointed special administrator of the estate of his brother Reverend UBI IBAM IBIANG pursuant to an order of the Circuit Court of Cook County, Illinois.  UBI IBAM IBIANG was born on July 2, 1964 and died in the crash of KQ 507.  He was a citizen and a resident of Nigeria at the time of his death.  Plaintiff BENJAMIN IBIANE ABAM brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of UBI IBAM IBIANG, (b) SUNDAY IBIANG ADAM, mother of the decedent, (c) Chief IKPI IBIANG ADAM, brother of the decedent,(d) Pastor BENJAMIN IBIANE ABAM, brother of the decedent, (e) Pastor ISRAELIBIANG ABAM, brother of the decedent, (f) Pastor OBONO IBIANG ABAM, brother of the decedent, (g) KOMS IBIANG ABAM, sister of the decedent, (h) BLESSINIBIANG ABAM, sister of the decedent, (i) VICTOR UBI ABAM, who was born May 3, 1985, son of the decedent, (j) JOY UBI ABAM, who was born August 20, 1986, daughter of the decedent, (k) FAVOUR UBI ABAM, who was born June 6, 1989, daughter of the decedent, (l) ANN UBI ABAM, who was born December 11, 1990, daughter of the decedent and (m) and any other individual entitled to recover under applicable law.

    **Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 16, and therefore deny same.

    17.    Plaintiff MOREN KECHIYERE NWARIHI who was born on January 24, 1980 is a resident and citizen of Nigeria and was appointed special administrator of the estate of her husband AMAECHI AUGUSTINE NZEH pursuant to an order of the Circuit Court of Cook County, Illinois.  AMAECHI AUGUSTINE NZEH was born on August 14, 1972 and died in the crash of KQ 507.  He was a citizen and a resident of Nigeria at the time of his death.  Plaintiff MOREN KECHIYERE NWARIHI brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of AMAECHI AUGUSTINE NZEH, (b) herself, as spouse of decedent (c) BLESSING OLUCHI NZE, who was born on February 20, 2000, daughter of the decedent, (d) AUGUSTINE IKECHUKION NZE, who was born on May 21, 2002, son of the decedent and (e) and any other individual entitled to recover under applicable law.

    **Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 17, and therefore deny same.

    18.    Plaintiff JOY OGOCHUKWU UDEH who was born on May 23, 1979 is a resident of Nigeria and citizen of Cameroon and was appointed administrator of the estate of her husband EBERE UGOEZE EMMANUEL pursuant to Letters of Administration on February 19,

2008 in the Republic of Cameroon and to an order of the Circuit Court of Cook County, Illinois.
AMAECHI AUGUSTINE NZEH was born on August 14, 1972 and died in the crash of KQ 507.
He was a citizen of Cameroon and a resident of Nigeria at the time of his death.  Plaintiff JOY
OGECHEKWU UDEH brings this action for the decedent's wrongful death in a representative
capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the
Estate of EBERE UGOEZE EMMANUEL, (b) herself, as spouse of decedent, (c).
EMMANUEL UCHECHUKWU OGOEZE, who was born October 5, 2006, son of the decedent
and (d) other individual entitled to recover under applicable law.

    **Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 18, and therefore deny same.

    19.    Plaintiff ONUORAH BENARD who was born on May 5, 1967 is a resident and
citizen of Nigeria and was appointed special administrator of the estate of his brother
ONUORAH CHURWUDI JUDE pursuant to an order of the Circuit Court of Cook County,
Illinois.  ONUORAH CHURWUDI JUDE was born on July 7, 1962 and died in the crash of KQ
507.  He was a citizen and a resident of Nigeria at the time of his death.  Plaintiff ONUORAH
BENARD brings this action for the decedent's wrongful death in a representative capacity on
behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of
ONUORAH CHURWUDI JUDE, (b) DORINE ONUORAH, spouse of the decedent, (c)
ARINZE CHUKWU ONUORAH, who was born March 1, 1994, son of the decedent, (d)
ONUORAH JOHN PAUL SOMTOCHUKWU, who was born on March 31, 2007, son of the
decedent, (e) ONOURAH MMESOMACHUKWU, who was born on December 15, 2002,
daughter of the decedent, (f) CHIMECHEREM ONOURAH, who was born on August 11, 1999,
daughter of the decedent, (g) CHINENYE ONOURAH, who was born on September 1, 1995,
daughter of the decedent, (h) ONOURAH CHIAMAKA, who was born on May 1, 1998,
daughter of the decedent and (i) any other individual entitled to recover under applicable law.

    **Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 19, and therefore deny same.

    20.    Plaintiff REGINA UGONOWA UDEH who was born on February 10, 1957 is a
resident and citizen of Cameroon and was appointed special administrator of the estate of her son
JOEL OGOCHUKWU UDEH pursuant to an order of the Circuit Court of Cook County, Illinois.
JOEL OGOCHUKWU UDEH was born on March 7, 1981 and died in the crash of KQ 507.  He
was a citizen and a resident of Nigeria at the time of his death.  Plaintiff REGINA UGONOWA
UDEH brings this action for the decedent's wrongful death in a representative capacity on behalf
of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of JOEL
OGOCHUKWU UDEH, (b) MOSES UDEH, father of the decedent, (c) JOY UDEH, sister of
the decedent, (d) EMMANUEL ONYEKA UDEH, who was born on December 25, 1983,
brother of the decedent, (e) KINGSLY UDEH, brother of the decedent, (f) LOVELY UDEH,
sister of the decedent, (g) SANDY UDEH, sister of the decedent, (h) CHIBUEZE SUNDAY
who was born on June 14, 1987, brother of the decedent and (i) any other individual entitled to
recover by law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 20, and therefore deny same.

21.     Plaintiff BIAN SHAO QING who was born on September 8, 1984 is a resident and citizen of China and was appointed special administrator of the estate of his father BIAN JING ZHONG pursuant to an order of the Circuit Court of Cook County, Illinois.  BIAN JING ZHONG was born on April 4, 1956 and died in the crash of KQ 507.  He was a citizen and a resident of China at the time of his death.  Plaintiff BIAN SHAO QING brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of BIAN SHAO QING, (b) himself, as son of the decedent and (c) any other individual entitled to recover by law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 21, and therefore deny same.

22.     Plaintiff BIAN SHAO QING who was born on September 8, 1984 is a resident and citizen of China and was appointed special administrator of the estate of his mother SHI WEI SHA pursuant to an order of the Circuit Court of Cook County, Illinois.  SHI WEI SHA was born on January 3, 1958 and died in the crash of KQ 507.  She was a citizen and a resident of China at the time of her death.  Plaintiff BIAN SHAO QING brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of BIAN SHAO QING, (b) himself, as son of the decedent and (c) any other individual entitled to recover by law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 22, and therefore deny same.

23.     Plaintiff LIU WANGYING who was born on April; 8, 1954 is a resident and citizen of China and was appointed special administrator of the estate of her son LIU SHENG pursuant to an order of the Circuit Court of Cook County, Illinois, U.S.A. LIU SHENG was born on September 9, 1978 and died in the crash of KQ 507.  He was a citizen and a resident of China at the time of his death.  Plaintiff LIU WANGYING brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of LIU SHENG, (b) herself, as mother of the decedent, (c) LIU GUANGYANG, who was born on November 9, 1954, the father of decedent (d) LIU JINXIA, who was born on January 12, 1986, sister of the decent (e) ZHANG YUHUA, who was born September 1, 1976, cousin of the decedent and (f) any other individual entitled to recover by law.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 23, and therefore deny same.

24.    Plaintiff XU HONGYING who was born on October 1. 1955 is a resident and citizen of China and was appointed special administrator of the estate of her husband WU CHAN GEN pursuant to an order of the Circuit Court of Cook County, Illinois.  WU CHAN GEN was born on June 29, 1954 and died in the crash of KQ 507.  He was a citizen and a resident of China at the time of his death.  Plaintiff XU HONGYING brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of WU CHAN GEN, (b) herself, as spouse of the decedent (c) WU JUN who was born on June 29, 1954, son of the decedent and (d) any other individual entitled to recover by law.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 24, and therefore deny same.

25.    Plaintiff FAN HONGYAN who was born on November 15, 1971 is a resident and citizen of China and was appointed special administrator of the estate of her husband JIANG XUEDONG pursuant to an order of the Circuit Court of Cook County, Illinois.  JIANG XUEDONG was born on October 14, 1971 and died in the crash of KQ 507.  He was a citizen and a resident of China at the time of his death.  Plaintiff FAN HONGYAN brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of JIANG XUEDONG, (b) herself, as spouse of the decedent (c) JIANG YUANZHI, who was born on October 19, 1995, son of the decedent (d) JIANG WENCHENG who was born on June 15, 1933, father of the decedent, (e) ZHANG GUIYING, who was born on April 20, 1940, mother of the decedent and (f) any other individual entitled to recover by law.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 25, and therefore deny same.

26.    Plaintiff VIBIN JOSEPH who was born on October 13, 1976 is a resident and citizen of India and was appointed special administrator of the estate of his father KOCHERRY GEORGE JOSEPH pursuant to an order of the Circuit Court of Cook County, Illinois. KOCHERRY GEORGE JOSEPH was born on February 29, 1948 and died in the crash of KQ 507.  He was a citizen and a resident of India at the time of his death.  Plaintiff VIBIN JOSEPH brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of KOCHERRY GEORGE JOSEPH, (b) himself, as son of the decedent (c) MRUTHULA XAVIER, who was born on September 29, 1975, daughter of the decedent and (d) any other individual entitled to recover by law.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 26, and therefore deny same.

27.    Plaintiff VIBIN JOSEPH who was born on October 13, 1976 is a resident and citizen of India and was appointed special administrator of the estate of his mother MARIA

JOSEPH pursuant to an order of the Circuit Court of Cook County, Illinois, U.S.A.  MARIA JOSEPH was born on April 2, 1950 and died in the crash of KQ 507.  She was a citizen and a resident of India at the time of her death.  Plaintiff VIBIN JOSEPH brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries, including the following:  (a) the Estate of MARIA JOSEPH, (b) himself, as son of the decedent, (c) MRUTHULA XAVIER, who was born on September 29, 1975, daughter of the decedent and (d) any other individual entitled to recover by law.

    **Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 27, and therefore deny same.

    28.     Plaintiff SALIHOU HAROUNA, who was born in 1976, is a citizen of Mali and resident of Cameroon, and was appointed to administer the estate of his brother HALIDOU HAROUNA, pursuant to an order of the Circuit Court of Cook County, Illinois.  HALIDOU HAROUNA was born in 1971 and died in the crash of KG 507.  He was a citizen of Mali and resident of Cameroon at the time of his death.  Plaintiff SALIHOU HAROUNA brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries.

    **Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 28, and therefore deny same.

    29.     Plaintiff MAHAMANE ABDOULAYE SAMAILA, who was born on March 29, 1980, is a citizen of Niger and a resident of Cameroon and was appointed special administrator of the estate of ABDOULAYE SAMAILA pursuant to an order of the Circuit Court of Cook County, Illinois.  ABDOULAYE SAMAILA died in the crash of KQ 507.  He was a citizen of Niger and a resident of Cameroon at the time of his death.  Plaintiff MAHAMANE ABDOULAYE SAMAILA brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries.

    **Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 29, and therefore deny same.

    30.     Plaintiff MOUSSA IDRISSA is a citizen of Niger and resident of Niamey, Niger, and was appointed to administer the estate of OUSMANE IDRISSA, pursuant to an order of the Circuit Court of Cook County, Illinois.  OUSMANE IDRISSA was born on July 28, 1977 and died in the crash of KG 507.  He was a citizen of Niger and resident of Cameroon at the time of his death.  Plaintiff MOUSSA IDRISSA brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries.

    **Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 30, and therefore deny same.

31.     Plaintiff MAHAMADOU ADDO is a citizen of Niger and resident of Cameroon and were appointed to administer the estate of NAYOUSSA ANGO, pursuant to an order of the Circuit Court of Cook County, Illinois.  NAYOUSSA ANGO was born in 1960 and died in the crash of KG 507.  He was a citizen of Niger and resident of Cameroon at the time of his death. Plaintiff MAHAMADOU ADDO brings this action for the decedent's wrongful death in a representative capacity on behalf of all potential survivors and/or beneficiaries.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 31, and therefore deny same.

32.     Defendant The Boeing Co. (''Boeing'') is a corporation organized and existing under the laws of the State of Delaware with its corporate headquarters in Chicago, Illinois. Defendant GE Corp., GE Aviation and Smiths Aerospace (collectively, "GE"), Rockwell Collins Co., ("Rockwell"), Parker Hannifin Co. ("Parker"), Triumph Group,, Inc and Triumph Actuations Systems-Valencia, Inc. (collectively, "Triumph") are corporations which do business in Cook County, Illinois sufficient to subject them to the jurisdiction of this state.

**Answer:**  The GE Defendants make no response to the allegations in paragraph 32 to the extent they state legal conclusions to which no response is required.  The GE Defendants admit that General Electric Company is a New York corporation, and further admit that General Electric Company has been licensed to do business in the State of Illinois at all times relevant to this litigation.  The GE Defendants deny that GE Aviation Systems LLC is a corporation, and state that GE Aviation Systems LLC is a limited liability company organized under the laws of the State of Delaware.  The GE Defendants further state that GE Aviation Systems LLC acquired Smiths Aerospace LLC in 2007, at which time Smiths Aerospace LLC ceased to operate as a separate legal entity and became part of GE Aviation Systems LLC.  To the extent that any remaining allegations of paragraph 32 are directed to the GE Defendants, they are denied.  To the extent that any remaining allegations of paragraph 32 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

## GENERAL ALLEGATIONS

33.     Kenya Airways Flight KQ 507 originated in Abidjan, Ivory Coast with a stopover in Douala, Cameroon, to pick up additional passengers.  When the subject aircraft took off from Douala shortly after midnight on May 5, 2007, it was carrying passengers from 27 countries and 9 crew members.  Contact with the plane was lost soon after takeoff from Douala.

**Answer:**  On information and belief, the GE Defendants admit that on May 5, 2007 a

Boeing 737-800 aircraft was being operated by Kenya Airways as Flight 507 from Abidjan,

Ivory Coast to Nairobi, Kenya, with an intermediate stop at Douala, Cameroon.  The GE

Defendants lack knowledge or information sufficient to form a belief as to the truth of the

remaining allegations of paragraph 33, and therefore deny same.

34.     The wreckage of the subject aircraft was discovered the following day, May 6, 2007, about four miles from the end of the Douala airport's runway 12.  The subject aircraft was found nose down at approximately 45 degrees almost 90 degrees clockwise from the line of flight, indicating that the aircraft went into a turning dive that the pilots could not control shortly after takeoff.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 34, and therefore deny same.

35.     Defendant Boeing designed, manufactured, assembled and sold the subject Boeing 737-800 aircraft (Tail Number 5Y-KYA), incorporating components manufactured by defendants GE, Rockwell, Parker and Triumph. It was one of three Boeing 737-800s acquired by Kenya Airways from Singapore Aircraft Leasing Enterprise.  The subject aircraft first flew on October 9, 2006 and was delivered from Boeing later than month.  At the time the aircraft left the custody and control of defendant Boeing, it was defective and unreasonably dangerous in one or more of the following respects, among other defects:

(a)     the aircraft's spoilers did not stow properly and were subject to jamming in a fully extended position,

(b)     the failure of the aircraft's spoilers to stow properly was unreasonably difficult to detect upon a visual inspection,

(c)     the aircraft's spoilers were subject to deploying asymmetrically and remaining so deployed,

(d)     the aircraft's spoilers were subject to deploying unexpectedly during flight,

16

(e)     the aircraft did not provide a proper alert to the flight crew that the spoilers were not properly stowed, had jammed in a fully extended position, had deployed asymmetrically or had unexpectedly deployed

(f)     the aircraft's electronics panel was subject to a total loss of all navigational information,

(g)     the radio altimeter was subject to providing false altitude indications, leading to a reduction in the auto throttle,

(h)     the enhanced digital flight control system was subject to commanding improper aircraft movements,

(i)     the aircraft did not contain any warnings of the defective and unreasonably dangerous conditions.

**Answer:**  The GE Defendants admit that GE Aviation Systems LLC manufactured, distributed, and sold certain component parts for use on Boeing 737-800 aircraft.  The GE Defendants deny that any such components were in a defective condition at the time they left the GE Defendants' control.  The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35 regarding the acquisition by Kenya Airways from Singapore Aircraft Leasing Enterprise of the aircraft at issue in plaintiffs' Complaint or that said aircraft "first flew on October 9, 2006 and was delivered from Boeing later [that] month," and therefore deny same.  To the extent that any remaining allegations of paragraph 35, including all subparts, are construed as factual allegations directed to the GE Defendants, they are denied.  To the extent that the allegations of paragraph 35 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

36.     Boeing 737-800 aircraft are equipped with one of the most modern weather radars available and the pilot of the subject aircraft was an experienced pilot, although it is unknown to plaintiffs how much experience the pilot had in Boeing 737-800 aircraft.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 36, and therefore deny same.

37.     At the time the subject aircraft left the custody and control of defendant Boeing, it was defective and unreasonably dangerous in one or more respects, proximately causing the subject aircraft to go into a turning dive that the pilots could not control, plunging it nose first into land, and killing everyone of board.

**Answer:**  The allegations of paragraph 37 constitute legal conclusions to which no answer is required.  To the extent that such allegations are construed as factual allegations directed to the GE Defendants, they are denied.  To the extent that the allegations of paragraph 37 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

38.     From the time the subject aircraft was originally sold or delivered through the date of the crash, defendant Boeing provided customer support for said aircraft, including alert service bulletins, service bulletins, technical advisories, aircraft parts, engineering and training personnel and other like customer support services.  At no time did defendant Boeing give any warning of the defective and unreasonable condition of the subject aircraft.

**Answer:**  The GE Defendants make no answer to the allegations set forth in paragraph 38, as those allegations are not directed to and seek no relief from the GE Defendants.  To the extent that any of the allegations set forth in paragraph 38 are intended or construed to allege facts against the GE Defendants or to seek relief from the GE Defendants, those allegations are denied.

39.     The accident was investigated by the Director General Civil Aviation of Cameroon.  A U.S. team, consisting of the Accredited Representative and technical advisors from the NTSB, FAA and defendant Boeing among others traveled to the scene to assist in the investigation.  Both the flight data recorder ("FDR") and the cockpit voice recorder ("CVR") were recovered from the crash site and sent to Canada for transcription.  Upon information and belief, the investigation has been finalized but the Director General Civil Aviation of Cameroon has not made public a report.  Upon information and belief, the wreckage of the subject aircraft has not been secured and has been subject to extensive looting.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 39, and therefore deny same.

18

## CAUSES OF ACTION

### Count I
### Product Liability – Wrongful Death
### (against all defendants)

40.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 39 as though fully set forth in this Count.

**Answer:**  The GE Defendants hereby adopt and re-state their answers to paragraphs 1

through 39 as if set forth here in full.

41.     At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 41, and therefore deny same.

42.     As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

**Answer:**  The allegations of paragraph 42 state legal conclusions to which no answer is

required.  To the extent that such allegations are construed as factual allegations directed to the

GE Defendants, they are denied.  To the extent that the allegations of paragraph 42 are directed

to defendants other than the GE Defendants, the GE Defendants lack knowledge or information

sufficient to form a belief as to the truth of such allegations, and therefore deny same.

43.     The respective special administrators for the estates of Plaintiffs' decedents, and each of them, are duly appointed pursuant to order of the Circuit Court of Cook County, Illinois.

**Answer:**   The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 43, and therefore deny same.

44.     This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

**Answer:**  The allegations of paragraph 44 state legal conclusions to which no answer is required.  To the extent that such allegations are construed as factual allegations directed to the GE Defendants, the GE Defendants deny that the action is properly brought pursuant to the Illinois Wrongful Death Act and/or other applicable laws, and further deny that they have any liability to plaintiffs under the Illinois Wrongful Death Act and/or other applicable laws.  To the extent that the allegations of paragraph 44 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

WHEREFORE, the GE Defendants pray that plaintiffs' Count I be dismissed with costs charged to plaintiffs.

**Count II**
**Product Liability – Survival Action**
**(against all defendants)**

45.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 39 as though fully set forth in this Count.

**Answer:**  The GE Defendants hereby adopt and re-state their answers to paragraphs 1 through 39 as if set forth here in full.

46.     Had Plaintiffs' decedents survived, each of them would have had the right to bring an action for damages arising from the physical, mental and emotional injuries sustained by them prior to their deaths, and such action has survived them.

**Answer:**  The allegations of paragraph 46 state legal conclusions to which no answer is required.  To the extent that such allegations are construed as factual allegations directed to the GE Defendants, they are denied.  To the extent that the allegations of paragraph 46 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

47.     The respective special administrators for the estates of Plaintiffs' decedents, and each of them, are duly appointed pursuant to order of the Circuit Court of Cook County, Illinois.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 47, and therefore deny same.

48.     This action is being brought pursuant to 755 ILCS 27/1 *et seq.*, commonly known as the *Illinois Survival Act* and/or other applicable laws.

**Answer:** The allegations of paragraph 48 state legal conclusions to which no answer is required.  To the extent that such allegations are construed as factual allegations directed to the GE Defendants, the GE Defendants deny that the action is properly brought pursuant to the Illinois Survival Act and/or other applicable laws, and further deny that they have any liability to plaintiffs under the Illinois Survival Act and/or other applicable laws.  To the extent that the allegations of paragraph 48 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

WHEREFORE, the GE Defendants pray that plaintiffs' Count II be dismissed with costs charged to plaintiffs.

**Count III**
**Negligence – Wrongful Death**
**(against all defendants)**

49.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 39 as though fully set forth in this Count.

**Answer:** The GE Defendants hereby adopt and re-state their answers to paragraphs 1 through 39 as if set forth here in full.

50.     At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 50, and therefore deny same.

51.     That by reason of the premises, the said next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of goods and services.

**Answer:**  The allegations of paragraph 51 state legal conclusions to which no answer is required.  To the extent that such allegations are construed as factual allegations directed to the GE Defendants, they are denied.  To the extent that the allegations of paragraph 51 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

52.     As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

**Answer:**  The allegations of paragraph 52 state legal conclusions to which no answer is required.  To the extent that such allegations are construed as factual allegations directed to the GE Defendants, they are denied.  To the extent that the allegations of paragraph 52 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

53.     The respective special administrators for the estates of Plaintiffs' decedents, and each of them, are duly appointed pursuant to order of the Circuit Court of Cook County, Illinois.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 53, and therefore deny same.

54.     This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

**Answer:**  The allegations of paragraph 54 state legal conclusions to which no answer is required.  To the extent that such allegations are construed as factual allegations directed to the GE Defendants, the GE Defendants deny that the action is properly brought pursuant to the

Illinois Wrongful Death Act and/or other applicable laws, and further deny that they have any

liability to plaintiffs under the Illinois Wrongful Death Act and/or other applicable laws.  To the

extent that the allegations of paragraph 54 are directed to defendants other than the GE

Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to

the truth of such allegations, and therefore deny same.

WHEREFORE, the GE Defendants pray that plaintiffs' Count III be dismissed with costs

charged to plaintiffs.

## Count IV
### Negligence – Survival Action
### (against all defendants)

55.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 39 as though fully set forth in this Count.

**Answer:**  The GE Defendants hereby adopt and re-state their answers to paragraphs 1

through 39 as if set forth here in full.

56.     Had Plaintiffs' decedents survived, each of them would have had the right to bring an action for damages arising from the physical, mental and emotional injuries sustained by them prior to their deaths, and such action has survived them.

**Answer:**  The allegations of paragraph 56 state legal conclusions to which no answer is

required.  To the extent that such allegations are construed as factual allegations directed to the

GE Defendants, they are denied.  To the extent that the allegations of paragraph 56 are directed

to defendants other than the GE Defendants, the GE Defendants lack knowledge or information

sufficient to form a belief as to the truth of such allegations, and therefore deny same.

57.     The respective special administrators for the estates of Plaintiffs' decedents, and each of them, are duly appointed pursuant to order of the Circuit Court of Cook County, Illinois.

**Answer:**  The GE Defendants lack knowledge or information sufficient to form a belief

as to the truth of paragraph 57, and therefore deny same.

23

58. This action is being brought pursuant to 755 ILCS 27/1 *et seq.*, commonly known as the *Illinois Survival Act* and/or other applicable laws.

**Answer:** The allegations of paragraph 58 state legal conclusions to which no answer is required. To the extent that such allegations are construed as factual allegations directed to the GE Defendants, the GE Defendants deny that the action is properly brought pursuant to the Illinois Survival Act and/or other applicable laws, and further deny that they have any liability to plaintiffs under the Illinois Survival Act and/or other applicable laws. To the extent that the allegations of paragraph 58 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

WHEREFORE, the GE Defendants pray that plaintiffs' Count IV be dismissed with costs charged to plaintiffs.

### Count V
### Breach of Warranty – Wrongful Death
### (against defendant Boeing)

The GE Defendants make no answer to the allegations set forth in Count V, paragraphs 59 through 67, as those allegations are not directed to and seek no relief from the GE Defendants. To the extent that any of the allegations set forth in Count V are intended or construed to allege facts against the GE Defendants or to seek relief from the GE Defendants, those allegations are denied.

### Count VI
### Breach of Warranty – Survival Action
### (against defendant Boeing)

The GE Defendants make no answer to the allegations set forth in Count VI, paragraphs 68 through 76, as those allegations are not directed to and seek no relief from the GE Defendants. To the extent that any of the allegations set forth in Count VI are intended or

construed to allege facts against the GE Defendants or to seek relief from the GE Defendants,

those allegations are denied.

## Count VII
### Negligence – Wrongful Death
### (against defendants GE, Parker and Triumph)

77.     Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 39 as though fully set forth in this Count.

**Answer:**  The GE Defendants hereby adopt and re-state their answers to paragraphs 1

through 39 as if set forth here in full.

78.     Defendants GE Corp., GE Aviation and Smiths Aerospace ("GE") designed, manufactured, assembled and sold the spoilers, flight spoiler actuators and related warning systems of the subject aircraft. Defendant Parker Hannifin Co, ("Parker") designed, manufactured, assembled and sold the spoiler servo actuator valves in the subject aircraft. Defendants Triumph Group, Inc. and Triumph Actuation Systems-Valencia, Inc. ("Triumph") designed, manufactured, assembled and sold the hydraulic actuators and ground actuators on the subject aircraft.

**Answer:**  The GE Defendants admit that GE Aviation Systems LLC designed,

manufactured, assembled, and sold spoilers, flight spoiler actuators and related warning systems

for use on Boeing 737-800 aircraft.  The GE Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 78, and

therefore deny same.

79.     At the time the aforementioned products left the custody and control of defendants GE, Parker and Triumph, they were defective and unreasonably dangerous in one or more of the following respects:

      (a)     the spoilers did not stow properly and were subject to, jamming in a fully extended position,

      (b)     the failure of the spoilers to stow properly was unreasonably difficult to detect upon a visual inspection,

      (c)     the aircraft's spoilers were subject to deploying asymmetrically and remaining so deployed,

(d)     the aircraft's spoilers were subject to deploying unexpectedly during flight,

(e)     the aircraft did not provide a proper alert to the flight crew that the spoilers were not properly stowed, had jammed in a fully extended position, had deployed asymmetrically or had unexpectedly deployed,

(f)     the subject products did not contain any warning of their defective and unreasonably dangerous condition.

**Answer:** The allegations of paragraph 79 state legal conclusions to which no answer is required. To the extent that such allegations, including all subparts, are construed as factual allegations directed to the GE Defendants, they are denied. To the extent that the allegations of paragraph 79 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

80.     As a direct and proximate result of one or more of the aforesaid defective and unreasonable dangerous conditions of the subject products, the pilots of the subject aircraft were unable to control the subject aircraft and it crashed, killing everyone on board.

**Answer:** The allegations of paragraph 80 state legal conclusions to which no answer is required. To the extent that such allegations are construed as factual allegations directed to the GE Defendants, they are denied. To the extent that the allegations of paragraph 80 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

81.     At the times of their respective deaths, Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 81, and therefore deny same.

82.     That by reason of the premises, the said next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial

pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of goods and services.

**Answer:** The allegations of paragraph 82 state legal conclusions to which no answer is required. To the extent that such allegations are construed as factual allegations directed to the GE Defendants, they are denied. To the extent that the allegations of paragraph 82 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

83.     As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

**Answer:** The allegations of paragraph 83 state legal conclusions to which no answer is required. To the extent that such allegations are construed as factual allegations directed to the GE Defendants, they are denied. To the extent that the allegations of paragraph 83 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

84.     The respective special administrators for the estates of Plaintiffs' decedents, and each of them, are duly appointed pursuant to order of the Circuit Court of Cook County, Illinois.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 84, and therefore deny same.

85.     This action is being brought pursuant to 740 ILCS 180/1 *et seq.*, commonly known as the *Illinois Wrongful Death Act* and/or other applicable laws.

**Answer:** The allegations of paragraph 85 state legal conclusions to which no answer is required. To the extent that such allegations are construed as factual allegations directed to the GE Defendants, the GE Defendants deny that the action is properly brought pursuant to the Illinois Wrongful Death Act and/or other applicable laws, and further deny that they have any liability to plaintiffs under the Illinois Wrongful Death Act and/or other applicable laws. To the

extent that the allegations of paragraph 85 are directed to defendants other than the GE

Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to

the truth of such allegations, and therefore deny same.

WHEREFORE, the GE Defendants pray that plaintiffs' Count VII be dismissed with

costs charged to plaintiffs.

### Count VIII
### Negligence – Survival Action
### (against defendants GE, Parker and Triumph)

86.     The Plaintiffs, and each of them, hereby adopt and allege paragraphs 1 through 39
as though fully set forth in this Count.

**Answer:**  The GE Defendants hereby adopt and re-state their answers to paragraphs 1

through 39 as if set forth here in full.

87.     Defendants GE Corp., GE Aviation and Smiths Aerospace ("GE") designed,
manufactured, assembled and sold the spoilers, flight spoiler actuators and related warning
systems of the subject aircraft. Defendant Parker Hannifin Co, ("Parker'') designed,
manufactured, assembled and sold the spoiler servo actuator valves in the subject aircraft.
Defendants Triumph Group, Inc. and Triumph Actuation Systems-Valencia, Inc. ("Triumph")
designed, manufactured, assembled and sold the hydraulic actuators and ground actuators on the
subject aircraft.

**Answer:**  The GE Defendants admit that GE Aviation Systems LLC designed,

manufactured, assembled, and sold spoilers, flight spoiler actuators and related warning systems

for use on Boeing 737-800 aircraft.  The GE Defendants lack knowledge or information

sufficient to form a belief as to the truth of the remaining allegations of paragraph 87, and

therefore deny same.

88.     At the time the aforementioned products left the custody and control of
defendants GE, Parker and Triumph, they were defective and unreasonably dangerous in one or
more of the following respects:

(a)     the spoilers did not stow properly and were subject to, jamming in a fully
extended position,

(b)     the failure of the spoilers to stow properly was unreasonably difficult to detect upon a visual inspection,

(c)     the aircraft's spoilers were subject to deploying asymmetrically and remaining so deployed,

(d)     the aircraft's spoilers were subject to deploying unexpectedly during flight,

(e)     the aircraft did not provide a proper alert to the flight crew that the spoilers were not properly stowed, had jammed in a fully extended position, had deployed asymmetrically or had unexpectedly deployed,

(f)     the subject products did not contain any warning of their defective and unreasonably dangerous condition.

**Answer:** The allegations of paragraph 88 state legal conclusions to which no answer is required. To the extent that such allegations, including all subparts, are construed as factual allegations directed to the GE Defendants, they are denied. To the extent that the allegations of paragraph 88 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

89.     As a direct and proximate result of one or more of the aforesaid defective and unreasonable dangerous conditions of the subject products, the pilots of the subject aircraft were unable to control the subject aircraft and it crashed, killing everyone on board.

**Answer:** The allegations of paragraph 89 state legal conclusions to which no answer is required. To the extent that such allegations, including all subparts, are construed as factual allegations directed to the GE Defendants, they are denied. To the extent that the allegations of paragraph 89 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

90.     At the times of their respective deaths, the Plaintiffs' decedents, and each of them, left surviving certain next of kin, heirs and/or successors in interests to their estates for whose benefit this action is being brought.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 90, and therefore deny same.

91.     That by reason of the premises, the said next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of goods and services.

**Answer:** The allegations of paragraph 91 state legal conclusions to which no answer is required.  To the extent that such allegations, including all subparts, are construed as factual allegations directed to the GE Defendants, they are denied.  To the extent that the allegations of paragraph 91 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

92.     As a result of the aforesaid conduct, the next of kin, heirs and/or successors in interest to the estates of Plaintiffs' decedents, and each of them, have sustained substantial pecuniary damages including but not limited to loss of society and companionship, loss of economic support and loss of support and services.

**Answer:** The allegations of paragraph 92 state legal conclusions to which no answer is required.  To the extent that such allegations, including all subparts, are construed as factual allegations directed to the GE Defendants, they are denied.  To the extent that the allegations of paragraph 92 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

93.     The respective special administrators for the estates of Plaintiffs' decedents, and each of them, are duly appointed pursuant to order of the Circuit Court of Cook County, Illinois.

**Answer:** The GE Defendants lack knowledge or information sufficient to form a belief as to the truth of paragraph 93, and therefore deny same.

94.     This action is being brought pursuant to 755 ILCS 27/1 *et seq.*, commonly known as the *Illinois Survival Act* and/or other applicable laws.

**Answer:**  The allegations of paragraph 94 state legal conclusions to which no answer is required.  To the extent that such allegations are construed as factual allegations directed to the GE Defendants, the GE Defendants deny that the action is properly brought pursuant to the Illinois Survival Act and/or other applicable laws, and further deny that they have any liability to plaintiffs under the Illinois Survival Act and/or other applicable laws.  To the extent that the allegations of paragraph 94 are directed to defendants other than the GE Defendants, the GE Defendants lack knowledge or information sufficient to form a belief as to the truth of such allegations, and therefore deny same.

WHEREFORE, the GE Defendants pray that plaintiffs' Count VIII be dismissed with costs charged to plaintiffs.

## Count IX
### Negligence – Wrongful Death
### (against defendants Thales and Rockwell)

The GE Defendants make no answer to the allegations set forth in Count IX, paragraphs 95 through 103, as those allegations are not directed to and seek no relief from the GE Defendants.  To the extent that any of the allegations set forth in Count IX are intended or construed to allege facts against the GE Defendants or to seek relief from the GE Defendants, those allegations are denied.

## Count X
### Negligence – Survival Action
### (against defendants Thales and Rockwell)

The GE Defendants make no answer to the allegations set forth in Count X, paragraphs 104 through 112, as those allegations are not directed to and seek no relief from the GE Defendants.  To the extent that any of the allegations set forth in Count X are intended or construed to allege facts against the GE Defendants or to seek relief from the GE Defendants, those allegations are denied.

## Count XI
### Negligence – Loss and Destruction of Evidence
### (against defendant Boeing)

The GE Defendants make no answer to the allegations set forth in Count XI, paragraphs 113 through 118, as those allegations are not directed to and seek no relief from the GE Defendants.  To the extent that any of the allegations set forth in Count XI are intended or construed to allege facts against the GE Defendants or to seek relief from the GE Defendants, those allegations are denied.

## ADDITIONAL DEFENSES

The GE Defendants state the following additional defenses, without assuming the burden of proof of any defense, and reserve their rights to assert additional defenses if and when they become appropriate.

### FIRST ADDITIONAL DEFENSE

Plaintiffs' Complaint and all counts thereof against the GE Defendants fail to state a claim against the GE Defendants upon which relief can be granted.

### SECOND ADDITIONAL DEFENSE

Plaintiffs' claims against the GE Defendants are barred in whole or in part by, and/or preempted by, foreign or international law or treaties.

### THIRD ADDITIONAL DEFENSE

Plaintiffs' Complaint and all claims for relief therein should be dismissed pursuant to the *forum non conveniens* doctrine.  This Court is neither a proper nor a convenient forum for the just adjudication of plaintiffs' claims.

### FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims against the GE Defendants are barred in whole or in part by, and/or preempted by, federal, foreign, and/or international laws, rules, and regulations governing the

operations and activities of Kenya Airways and the maintenance of the subject aircraft, pursuant to which oversight is provided by the applicable governmental agencies and/or authorities.

## FIFTH ADDITIONAL DEFENSE

Plaintiffs' damages, if any, were directly and proximately caused by the acts or omissions of others who were not under the control of the GE Defendants.  Plaintiffs' claims against the GE Defendants are barred because plaintiffs' damages, if any, resulted from such intervening or superseding cause or causes, and no alleged act or omission of the GE Defendants was the proximate and/or competent producing cause of plaintiffs' damages, if any.

## SIXTH ADDITIONAL DEFENSE

Plaintiffs' damages, if any, were caused in whole or in part by the acts or omissions of persons or parties other than the GE Defendants, over whom the GE Defendants had no supervision or control and for whose acts or omissions the GE Defendants have no legal responsibility.  Plaintiffs' recovery, if any, accordingly should be apportioned in proportion to such fault pursuant to the applicable law.

## SEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred to the extent that there is another action pending between certain of the same parties for the same cause.

## EIGHTH ADDITIONAL DEFENSE

Plaintiffs' damages, if any, resulted from an unavoidable accident, sudden emergency, act of God, or conditions or occurrences for which the GE Defendants are not liable.

## NINTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole or in part because the GE Defendants owed no duty to plaintiffs or plaintiffs' decedents.

## TENTH ADDITIONAL DEFENSE

Plaintiffs' claims may be barred in whole or in part by the doctrine of *res judicata*.

## ELEVENTH ADDITIONAL DEFENSE

Plaintiffs' claims may be barred in whole or in part because they have been released by plaintiffs.

## TWELFTH ADDITIONAL DEFENSE

Plaintiffs' claims may be barred in whole or in part by the equitable doctrines of laches, waiver, or estoppel.

## THIRTEENTH ADDITIONAL DEFENSE

Plaintiffs' Complaint and all claims for relief therein should be dismissed on the ground that plaintiffs have failed to join necessary and indispensable parties including, but not limited to, Kenya Airways, Douala International Airport, and the Cameroon Civil Aviation Authority.

## FOURTEENTH ADDITIONAL DEFENSE

Plaintiffs' damages, if any, are barred or limited by the payments or benefits plaintiffs received, or are entitled to receive, from any source.

## FIFTEENTH ADDITIONAL DEFENSE

Plaintiffs' claims may be barred in whole or in part by plaintiffs' prior accord and satisfaction with any party or third party for claims arising out of the subject matter of the Complaint.

## SIXTEENTH ADDITIONAL DEFENSE

Certain damages claimed by plaintiffs are not recoverable, or may be limited, under the applicable law.

## SEVENTEENTH ADDITIONAL DEFENSE

The amount recoverable, if any, by certain plaintiffs for alleged injuries, death, and/or other damages arising out of the subject accident must be reduced in proportion to the amount received by plaintiffs in connection with any settlement of claims made by plaintiffs with any other party or other person or entity.

## EIGHTEENTH ADDITIONAL DEFENSE

Certain plaintiffs may not be the real parties in interest and/or may lack the legal capacity and/or standing to bring the claims asserted in the Complaint.

## NINETEENTH ADDITIONAL DEFENSE

Plaintiffs' Complaint fails to state a claim against the GE Defendants upon which relief may be granted for costs or interest.

## TWENTIETH ADDITIONAL DEFENSE

The GE Defendants reserve any and all defenses and rights available to them under the applicable law governing contribution, indemnification, and apportionment.

## TWENTY-FIRST ADDITIONAL DEFENSE

Plaintiffs' claims against the GE Defendants are barred in whole or in part by the applicable statute of limitations.

## TWENTY-SECOND ADDITIONAL DEFENSE

Plaintiffs' claims against the GE Defendants are barred in whole or in part by the applicable statute of repose.

## TWENTY-THIRD ADDITIONAL DEFENSE

Joinder of plaintiffs' claims in a single action is prohibited by applicable law, including Federal Rule of Civil Procedure 20.

## TWENTY-FOURTH ADDITIONAL DEFENSE

Plaintiffs' claims are barred in whole or in part by applicable foreign law and are, as such, barred in this Court by principles of comity.

## TWENTY-FIFTH ADDITIONAL DEFENSE

Plaintiffs' claims against the GE Defendants under the Illinois Wrongful Death Act, 740 ILCS § 180/2, and the Illinois Survival Act, 755 ILCS § 5/27-6, are barred for lack of standing.

## TWENTY-SIXTH ADDITIONAL DEFENSE

To the extent plaintiffs seek to advance claims on behalf of decedents or that are derivative of claims of decedents, they do not have the procedural capacity to do so under the applicable law.

## TWENTY-SEVENTH ADDITIONAL DEFENSE

The GE Defendants have not knowingly or intentionally waived any applicable defenses. The GE Defendants reserve the right to assert any and all additional defenses as may be revealed by further investigation or discovery, and the GE Defendants hereby give notice that they intend to rely upon such other defenses as may become available or as may be raised or asserted by other defendants in this case.

## JURY DEMAND

The GE Defendants demand a trial by jury on all issues so triable in this action.

## DEMAND FOR RELIEF

WHEREFORE, the GE Defendants pray that plaintiffs' Complaint be dismissed with

costs charged to plaintiffs, and that the Court grant the GE Defendants such further relief as the

Court may deem just and proper.


Dated:  June 26, 2009

Respectfully submitted,

SIDLEY AUSTIN LLP

By:    s/ Rodney K. Miller
       Craig A. Knot
       Rodney K. Miller
       Caroline L. Schiff
       SIDLEY AUSTIN LLP
       One South Dearborn Street
       Chicago, IL 60603
       Phone: (312) 853-7000
       Fax: (312) 853-7036
       E-mail:  cknot@sidley.com
                rkmiller@sidley.com
                cschiff@sidley.com

       Lory Barsdate Easton
       SIDLEY AUSTIN LLP
       1501 K Street, N.W.
       Washington, DC 20005
       Phone: (202) 736-8000
       Fax: (202) 736-8711
       E-mail:  leaston@sidley.com

       *Attorneys for Defendants General*
       *Electric Company and GE Aviation*
       *Systems LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of June, 2009, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and have this day mailed a true and correct copy to below-listed counsel of record in this proceeding, properly addressed and first class postage prepaid, at counsel's listed address.

**ATTORNEYS FOR PLAINTIFFS**

Manuel von Ribbeck, Esq.
Monica R. Kelly, Esq.
RIBBECK LAW CHARTERED
Lake Point Tower
Chicago, IL 60611
Phone: (312) 822-9999
Fax: (312) 806-6776

Lewis S. Eidson, Esq.
COLSON HICKS EIDSON
255 Aragon Avenue, Second Floor
Coral Gables, FL 33134
Phone: (305) 476-7400
Fax: (305) 476-7444

**ATTORNEYS FOR DEFENDANT**
**THE BOEING COMPANY**

William T. Cahill
Jonathan Buck
PERKINS COIE LLP
131 S. Dearborn Street, Suite 1700
Chicago, IL 60603
Phone: (312) 324-8400
Fax: (312) 324-9400
E-mail:   WCahill@perkinscoie.com
              JBuck@perkinscoie.com

Todd W. Rosencrans
Allison R. Kendrick
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101
Phone: (206) 359-8000
Fax: (206) 359-9000
E-mail:   TRosencrans@perkinscoie.com
              AKendrick@perkinscoie.com

**ATTORNEYS FOR DEFENDANT**
**THALES AVIONICS S.A.**

David J. Adams
HALL PRANGLE & SCHOONVELD, LLC
200 S. Wacker Drive, Suite 3300
Chicago, IL 60606
Phone: (312) 267-6332
Fax: (312) 345-9608
E-mail:   dadams@hpslaw.com

**ATTORNEYS FOR DEFENDANT**
**ROCKWELL COLLINS**

Michael G. McQuillen
John G. McAuley
Christine M. Niemczyk
ADLER MURPHY & McQUILLEN LLP
1 N. LaSalle Street, Suite 2300
Chicago, IL 60602
Phone: (312) 345-0700
Fax: (312) 345-9860
E-mail:   MMcQuillen@AMM-LAW.com
              jmcauley@AMM-LAW.com
              Cniemczyk@AMM-LAW.com

**ATTORNEYS FOR DEFENDANT
PARKER HANNIFIN CO.**

Michael J. Merlo
Linda J. Schneider
Donald G. Machalinski
MERLO KANOFSKY & GREGG Ltd.
208 S. LaSalle Street, Suite 1750
Chicago, IL 60604
Phone: (312) 553-5500
Fax: (312) 553-1586
E-mail:    MJM@merlolaw.com
           LJS@merlolaw.com
           dgm@merlolaw.com

**ATTORNEYS FOR DEFENDANTS
TRIUMPH GROUP, INC., AND
TRIUMPH ACTUATION SYSTEMS-
VALENCIA, INC.**

Patrick M. Graber
Ann P. Goodman
Stephen Koslow
MCCULLOUGH, CAMPBELL & LANE LLP
205 N. Michigan Avenue, Suite 4100
Chicago, IL 60601
Phone: (312) 923-4000
Fax: (312) 923-4329
E-mail:    pgraber@mcandl.com
           agoodman@mcandl.com
           skoslow@mcandl.com

s/ Rodney K. Miller
Rodney K. Miller

One of the attorneys for Defendants General
Electric Company and GE Aviation Systems
LLC