# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| YEMELI TCHOFFO PATRICIA, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 09 C 3728 |
| | ) |
| THE BOEING COMPANY, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

On May 5, 2007, a Kenya Airways passenger aircraft (Aircraft) crashed shortly after taking off from Douala, Cameroon (Crash). All 114 individuals (Decedents) aboard were killed in the Crash. None of the Decedents were residents or citizens of the United States. Of the 114 Decedents, 37 of them were citizens of Cameroon. Defendant The Boeing Company (Boeing), Defendant GE Corp., Defendant GE Aviation, Defendant Smiths Aerospace, Defendant Thales Group,

1

Defendant Rockwell Collins Co., Defendant Parker Hannifin Co., Defendant Triumph Group, Inc., and Defendant Triumph Actuation Systems-Valencia, Inc. were allegedly involved in the design and/or manufacture of the Aircraft or its components. The surviving family members of the Decedents brought the instant actions against Defendants seeking damages for negligent design and manufacture of the Aircraft and its components. Plaintiffs also seek to hold Boeing liable for the negligent destruction of evidence. Plaintiffs have brought the instant three actions in state court (case numbers 09 C 3709 (Pettitt Action), 09 C 3722 (Claisse Action), and 09 C 3728 (Patricia Action)). Defendants removed the actions to federal court. On May 28, 2010, the Claisse Action and Patricia Action were reassigned to the undersigned judge since the Pettitt Action, Claisse Action, and Patricia Action are all related.

On September 8, 2009, in the Patricia Action, consisting of eighteen Plaintiffs, nine Plaintiffs voluntarily dismissed their claims pursuant to a joint stipulation. On November 5, 2009, four more Plaintiffs in the Patricia Action voluntarily dismissed their claims pursuant to a joint stipulation, thus leaving five Plaintiffs. On September 15, 2010, Plaintiffs in the Pettitt Action dismissed the action based upon stipulation pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), which provides for a dismissal without a court order. Pettitt Action having been dismissed, Defendants

now move to dismiss all claims in the Claisse Action and the remaining Plaintiffs' claims in the Patricia Action. This decision is equally applicable to the Pettitt Action and to all Plaintiffs who have voluntarily dismissed their claims in the Patricia Action.

**DISCUSSION**

Defendants argue that the court should dismiss the claims in the Claisse Action and Patricia Action based on *forum non conveniens*. Defendants contend that a dismissal of the actions will leave Plaintiffs with an opportunity to re-file their claims in a Cameroon court. Under the principle of *forum non conveniens*, "a trial court may dismiss a suit over which it would normally have jurisdiction if it best serves the convenience of the parties and the ends of justice." *Kamel v. Hill-Rom Co., Inc.*, 108 F.3d 799, 802 (7th Cir. 1997); *Abad v. Bayer Corp.*, 563 F.3d 663, 665 (7th Cir. 2009)(stating that the doctrine of *forum non conveniens* "allows a court to dismiss a suit if there are strong reasons for believing it should be litigated in the courts of another, normally a foreign, jurisdiction"); *Stroitelstvo Bulgaria Ltd. v. Bulgarian-American Enterprise Fund*, 589 F.3d 417, 421 (7th Cir. 2009)(stating that "[t]he common law doctrine of *forum non conveniens* allows a federal district court to dismiss a suit over which it would normally have jurisdiction in order to best serve

3

the convenience of the parties and the ends of justice"). A determination of whether to dismiss an action based on *forum non conveniens* "is consigned to the trial court's sound discretion." *Kamel*, 108 F.3d at 802.

The first step in making a *forum non conveniens* determination is to assess whether there is an available and adequate alternative forum. *Id.* If there is an available and adequate alternative forum, the court can dismiss an action if "a trial in the chosen forum would result in vexation and oppression to the defendant which would far outweigh the plaintiff's convenience or when the chosen forum would generate administrative and legal entanglements for the trial court . . ." *Id.* In making a forum non conveniens determination a court must consider and balance "all relevant public and private interest factors . . . ." *Id.*

I. Available and Adequate Alternative Forum

Defendants contend that a Cameroon court provides an available and adequate alternative forum for the Claisse Action and Patricia Action.
An alternative forum is deemed to be an available forum "if all parties are amenable to process and are within the forum's jurisdiction." *Id.* An alternative forum is deemed to be an adequate forum if "the parties will not be deprived of all remedies or treated unfairly." *Id.*

A.  Available Alternative Forum

It is undisputed that the Crash occurred in Cameroon. Defendants have shown that a Cameroon court would have jurisdiction over the issues in this case. In addition, Defendants contend that they have all agreed to submit to the jurisdiction of a Cameroon court. (3728 Mem. 10). Defendants also agree to the tolling of the statute of limitations for 120 days after the dismissal of the instant action to allow Plaintiffs time to re-file an action in a Cameroon court. (3728 Mem. 10). A Cameroon court is therefore an available alternative forum.

B.  Adequate Alternative Forum

Defendants also contend that a Cameroon court is an adequate alternative forum. In order to be adequate, an alternative forum need only "provide the plaintiff with 'a fair hearing to obtain some remedy for the alleged wrong.'" *Chang v. Baxter Healthcare Corp.*, 599 F.3d 728, 736 (7th Cir. 2010)(quoting in part *Stroitelstvo*, 589 F.3d at 421).

1.  Differences Between Cameroon and U.S. Courts

Plaintiffs contend that the Cameroon courts are inadequate since they do not

follow the same practices as United States courts, such as in regards to pretrial discovery. However, another forum is not deemed to be inadequate simply because its court system is not identical to the court system in which the action is brought. As Defendants point out, such a rule would render all courts other than United States courts inadequate. The Seventh Circuit has made clear that the relief provided in the alternative forum "need not be as comprehensive or as favorable as a plaintiff might obtain in an American court." *Chang*, 599 F.3d at 736; *see also Stroitelstvo*, 589 F.3d at 421 (stating that "[i]t is not necessary that the forum's legal remedies be as comprehensive or as favorable as the claims a plaintiff might bring in an American court"). Defendants' expert has also explained how Plaintiffs can obtain necessary information to prosecute their claims under the Cameroon court procedural rules. (Ngw. Dep. 59); (Ngw. Decl. 45). Thus, the fact that a Cameroon court may not have procedural rules that deal with issues such as pretrial discovery in the same manner as United States courts does not render a Cameroon court inadequate.

    2. Relief Available

An alternative forum can be deemed to be inadequate "if the remedy provided by the alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all . . . ." *Piper Aircraft Co.*, 454 U.S. at 254. Defendants have presented an

expert on Cameroon law who has opined that Cameroon law provides a remedy for negligence, strict liability, breach of warranty and/or wrongful death. (Ngw Decl. Par. 47-50). Defendants' expert has also explained how the court rules for Cameroon civil proceedings ensure that litigants are accorded a fair, honest, and thorough disposition of the issues before the courts. (Ngw Decl. 19-44). Plaintiffs have not rebutted the evidence presented by Defendants' expert. Plaintiffs have claimed that the Cameroon courts are corrupt and unjust, but Plaintiffs have not presented sufficient reliable evidence to support their position. *See, e.g., Stroitelstvo*, 589 F.3d at 421 (stating that the plaintiffs' "generalized, anecdotal complaints of corruption are not enough for a federal court to declare that an EU nation's legal system is so corrupt that it can't serve as an adequate forum"). Plaintiffs also argue that they will not be allowed to re-file an action in Cameroon once they dismiss their actions in the United States. Plaintiffs contend that the doctrine of res judicata would bar such suits under Cameroon law. However, Defendants' expert did not indicate that Plaintiffs would be barred from re-filing suits in Cameroon. In addition, as Defendants point out, they are conceding to submit to the jurisdiction of a Cameroon court and to the re-filing of actions in a Cameroon court within a specific period after the dismissal of the instant action. To the extent that the doctrine of res judicata could come into play, we note that Defendants have indicated

7

that they will not pursue such a defense. Thus, there has been no showing by Plaintiffs that they will be unable to proceed in a Cameroon court.

Plaintiffs also contend that, unlike in United States courts, there is no cause of action under Cameroon law for spoliation of evidence. However, as indicated above, Plaintiffs are not entitled to identical causes of action in the alternative forum. Defendants' expert has explained that although there may not be such a cause of action under Cameroon law, a party could request that a court draw an adverse inference based on spoliation of evidence. (Ngw dep. 11). Thus, based on Defendants' expert's opinion, Plaintiffs will be able to pursue their spoliation of evidence arguments, but not in the same manner as in the United States courts. Therefore, Defendants have shown that a Cameroon court is an adequate alternative forum.

II. Private and Public Interest Factors

As indicated above, in considering whether to dismiss an action based on *forum non conveniens*, a court must consider and balance private and public interests.

A. Private Interest Factors

For a *forum non conveniens* determination, a court must consider the private

interest factors "affecting the convenience of the litigants," such as "the 'relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.'" *Piper Aircraft Co.*, 454 U.S. at 241 n.6 (quoting in part *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947)).

### 1. Joinder of Kenya Airways

Defendants contend that private interests are promoted by a dismissal of the instant actions because Kenya Airways cannot be brought into the instant action, but can be brought into an action in Cameroon. Defendants contend that Kenya Airlines does not operate in the United States and is not subject to the jurisdiction of United States courts, whereas Kenya Airlines is subject to the jurisdiction of Cameroon courts. Plaintiffs have not shown otherwise. Kenya Airways is an essential party for the instant actions. The Crash occurred on a flight crewed by Kenya Airways employees and on an Aircraft maintained by Kenya Airways employees. Although Plaintiffs contend that defects in the design and manufacturing of the Aircraft caused the Crash, a comprehensive action addressing the Crash will necessarily need to

9

address whether the Crash was due to human error committed by employees of Kenya Airways. Such issues are relevant issues particularly in light of facts, such as those presented in a report issued by The Cameroon Technical Commission of Inquiry (Commission), indicating that the Crash may have been the result of inadequate operational control and adherence to proper procedures of flight monitoring. (Rept. 45-48, 57). The report of the Commission also indicates that the training and personnel records of the pilots of the Aircraft indicated past safety problems. (Rept. 57). Thus, evidence from Kenya Airways will be essential in order to properly assess the true cause of the Crash. The ability to join Kenya Airways renders Cameroon a more appropriate forum for this action.

2. Plaintiffs' Choice of Forum

Plaintiffs contend that substantial deference must be accorded to their choice of forum. In general, "a plaintiff's choice of forum should rarely be disturbed" because, for example, "[w]hen the home forum has been chosen, it is reasonable to assume that this choice is convenient." *Piper Aircraft Co.*, 454 U.S. at 241. However, when the plaintiff is not a resident or citizen of the United States, "this assumption is much less reasonable" and since "the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice

deserves less deference." *Id.* Plaintiffs contend that the Decedents are not all from Cameroon. Plaintiffs in Claisse case contend that only one of the ten Decedents represented in that action are from Cameroon. However, it is undisputed that none of the Plaintiffs or the Decedents are residents or citizens of Illinois or even residents or citizens of the United States. Thus, Plaintiffs' choice of Illinois as a forum is not entitled to great deference. We also note that even after according substantial deference to Plaintiffs' choice of forum, Defendants have presented such a compelling position for dismissal that the result would be the same in regards to the instant motion.

### 3. Location of Evidence

Defendants contend that the most significant relevant evidence in this litigation is located in Cameroon. Plaintiffs argue that evidence regarding the design and manufacture of the Aircraft is located in the United States. However, Plaintiffs have not shown that such evidence is located in Illinois. The records and witnesses regarding the design and manufacturing of the Aircraft will need to be transported to Illinois even if this action remains in Illinois. Defendants also indicate that if Plaintiffs re-file an action in Cameroon, Defendants will make available any evidence or witnesses in their possession, custody, or control. (3728 Mem. 2); *see*

*also Clerides v. Boeing Co.*, 534 F.3d 623, 629 (7th Cir. 2008)(noting that "[t]he sources of proof relevant to the product liability claim include evidence and witnesses located in the United States, most of which is in Boeing's possession" and that "Boeing ha[d] agreed to make all evidence and witnesses in its possession available in Greece and Cyprus").

On the other hand, significant evidence is located in Cameroon such as the physical aircraft evidence. The Commission has the responsibility for the investigation into the crash and the Commission's records are located in Cameroon. Witnesses that are airport personnel, such as control tower workers and ground crew and eyewitnesses to the Crash are located in Cameroon. Kenya Airways records such as flight operating procedures for the airlines and the qualifications and experience of the flight crew will be within the jurisdiction of the Cameroon courts.

In addition, to assess personal damages for each Plaintiffs, the parties will need to obtain evidence concerning each Plaintiff such as health and employment information. Many of the Decedents were residents of Cameroon or countries of the African continent and records relating to damages for each Plaintiffs could be more easily accessed from Cameroon. None of the Decedents were residents or citizens of the United States and thus all evidence relating to personal damages for each Plaintiff would need to be obtained outside the United States. Thus, the relevant evidence is

predominantly located in or in the proximity of Cameroon. On the other hand, no significant evidence is located in Illinois, where Plaintiffs propose to try the instant actions. Plaintiffs have not shown that any of the material evidence in Cameroon would be subject to compulsory process by United States courts.

Plaintiffs also argue that costs associated with translations of documents into French for proceeding in a Cameroon court will add to the expenses of litigation there. Plaintiffs, however, have failed to provide sufficient evidence to show that any increases in costs would be a material increase in costs. Further, an increase in costs would only be one factor to consider when weighing the private interests. Finally, the location of the Crash that is the foundation for the instant actions occurred in Cameroon. Cameroon is clearly a more convenient forum for the private interests. Thus, the private interest factors clearly support a dismissal of the instant action.

### B. Public Interest Factors

For a *forum non conveniens* determination a court must consider the public interest factors "affecting the convenience of the forum," such as the "administrative difficulties flowing from court congestion; the 'local interest in having localized controversies decided at home'; the interest in having the trial of a diversity case in a

forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Piper Aircraft Co.*, 454 U.S. at 241 n.6 (quoting in part *Gilbert*, 330 U.S. 501).

      1.  Local Interest Factor

Defendants contend that Cameroon's local interests predominate. Plaintiffs contend that United States courts have an interest in resolving disputes regarding alleged defects in products designed and manufactured in the United States. While that may be true, that interest is much less in an action where the basis of the action is a Crash that occurred in a foreign country, resulting in the death of foreign individuals, and the Aircraft was maintained and crewed by a foreign airways. *See, e.g., Clerides v. Boeing Co.*, 534 F.3d 623, 630 (7th Cir. 2008)(affirming dismissal of action regarding foreign airliner that crashed in Greece). In regard to the local interests of Illinois specifically, Plaintiffs have failed to show any real connection to local interests. Cameroon, on the other hand, has a compelling local interest in addressing local safety concerns. *See, e.g., id.* (stating that "although the United States has an interest in regulating domestic companies, its interest is matched by the interests of Greece and Cyprus in regulating the use of allegedly defective products

14

within their borders" and "Greece and Cyprus have an interest in protecting the health and safety of their residents"). Since the Crash occurred in Cameroon and the largest percentage of the Decedents were citizens of Cameroon, the local interest factor clearly favors Cameroon.

### 2. Application of Foreign Law and Burden on Illinois

Defendants contend that foreign law will be applicable and a Cameroon court is more familiar with such law. For tort actions, Illinois applies the "'most significant relationship' test of the Restatement (Second) of Conflict of Law." *Macedo v. Boeing Co.*, 693 F.2d 683, 690 (7th Cir. 1982)(quoting in part *In Re Air Crash Disaster Near Chicago, Illinois on May 25, 1981*, 644 F.2d 594, 611 (7th Cir. 1981)); *see also Kamelgard v. Macura*, 585 F.3d 334, 341 (7th Cir. 2009)(stating that Illinois law applies "the law of the state that has the 'most significant relationship' to the claim"). The Crash and injuries occurred in Cameroon and clearly Cameroon, not Illinois, has the most significant relationship to the instant actions. Thus, there is a likelihood that Cameroon law will be applicable. *Macedo*, 693 F.2d at 690 (concluding in case where an aircraft designed and manufactured in United States that crashed in Portugal, "Illinois substantive law might well not be applied to any issue" and "Portuguese law would surely be applicable to many"). A

Cameroon court would be more familiar with its law than an Illinois federal court. Defendants also contend that the instant actions will place an unwarranted burden on the citizens of Illinois. Plaintiffs have not shown that the instant actions have any significant connection to Illinois. We agree that to keep the action in Illinois would place an unwarranted burden on the citizens of Illinois, particularly in light of the fact that the action would be addressing the same issues that may be presented in actions that proceed in Cameroon. Thus, the public interests clearly favor a dismissal. Based on the above, we conclude that the ends of justice will be best served by a dismissal of the instant action based on *forum non conveniens*. Therefore, we grant Defendants' motion to dismiss.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss based on *forum non conveniens*. This dismissal is equally applicable to the Pettitt Action and to all Plaintiffs who have voluntarily dismissed their claims in the Patricia Action.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 28, 2010